UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**LARWENCE C. MYNSBERGE**

    Plaintiff,

v.                                                                 CASE NO.

**UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,**

    Defendant.

## COMPLAINT

Plaintiff, Lawrence C. Mynsberge, by his attorneys Dempsey Law Firm, LLP, states the following as its complaint against the Defendant named above.

## INTRODUCTION

1. The Federal Employees Health Benefits Program ("FEHBP") provides health insurance to about 8 million federal employees, retirees, and their families. Participants choose a private health insurance plan from competing private insurers, and the costs of the coverage are shared by employees and the government. The majority of employees and retirees select a plan offered by the Blue Cross Blue Shield Association, known as the federal Blue Cross Blue Shield Service Benefit Plan (the "Federal Blue Cross Plan").

2. All FEHBP plans are required to comply with the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 (the "MHP AEA"), a law that prohibits discrimination against behavioral health conditions and substance use disorders.

{07435641.DOCX.1}

3. The disease of depression affects more than 16.1 million Americans. There is no reason whatsoever to believe that federal employees and retirees and their families are categorically spared by the disease, or visited by its ravages any less frequently.

4. Untreated and inadequately treated depression is a significant driver of healthcare costs, and every dollar spent properly treating depression returns health care cost savings many times the amount spent on treatment.

5. For many with this disease, inpatient treatment is a vitally important part of the continuum of care, and without this setting many patients would have no realistic chance at sustained recovery. A handful of these patients have medical complications that require inpatient addiction treatment in a hospital, but most patients do not require a hospital, and even those who do often quickly become stable and therefore no longer need a hospital. Instead, for the overwhelming majority of patients who need inpatient care, the most appropriate treatment is an inpatient *non-hospital* setting (a setting that is sometimes referred as residential treatment center).

6. The Federal Blue Cross Plan mostly excludes coverage for inpatient non-hospital addiction treatment. However, the Federal Blue Cross Plan explicitly states it "will provide benefits for covered mental health and substance abuse services, other than room and board and inpatient physician care, at the level that we would have paid if they had been provided on an outpatient basis."

7. The Federal Blue Cross Plan has used this partial exclusion to deny coverage for inpatient non-hospital rehabilitation that was desperately needed for the daughter of Plaintiff, Jane Mynsberge (a pseudonym, "Jane"). Jane stood to lose her life if she did not immediately receive the treatment she needed.

## PARTIES

8. Plaintiff, Lawrence Mynsberge ("Mynsberge") is a Wisconsin adult resident who resides at 1945 Seville Road in Mosinee, County of Marathon, Wisconsin.

9. Defendant, United States Office of Personnel Management (hereinafter "OPM") is a government agency with an address at 1900 East Street NW, Washington, DC 20415-3610.

10. Mynsberge is an employee of the Internal Revenue Service and has been so for __ years. This case involves an unlawful denial of benefits that should be available to Mynsberge under his Federal Blue Cross Plan.

11. OPM is a proper defendant in this case pursuant to 5 U.S.C. § 890.107(c), which provides that "a legal action to review final action by OPM involving [a] denial of health benefits must be brought against OPM and not against the carrier or carrier subcontractors."

## JURISDICTION

12. This court has original jurisdiction pursuant to 5 U.S.C. § 8912 (jurisdiction over civil actions involving FEHBP), 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (claims against United States), and 5 U.S.C. §§ 704 and 706 (Administrative Procedures Act).

13. This Court has authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

14. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) because some of the events giving rise to Plaintiff's claims occurred in this District.

## FACTS

15. Jane suffers from depression and other disorders. Due to worsening condition, it became necessary for Jane to seek more comprehensive care.

16. Due to the deteriorating condition of Jane and to save her life was admitted to Rogers Memorial Behavioral Health Hospital ("Rogers").

17. Jane was ordered into the program by a psychiatrist at the North Central Health Care facility as terms of release from her inpatient hospitalization program.

18. While inpatient care at a residential treatment center is not fully covered, the express terms of the Federal Blue Cross Plan explicitly states it "will provide benefits for covered mental health and substance abuse services, other than room and board and inpatient physician care, at the level that we would have paid if they had been provided on an outpatient basis."

19. Jane received care from May 6, 2015 – July 10, 2015, or sixty-six days. These days were assigned claims numbers 15243D03879XA, 15243D038190XB, and 15243D013320XA (the "Claims").

20. Mynsberge was required to pay, out of pocket, the entire cost of care for Jane: sixty two thousand nine hundred twenty and zero/100ths dollars ($62,920.00).

21. Starting July 11, 2015, Jane began intensive outpatient service ("IOP") with Rogers.

22. The Federal Blue Cross Plan provided an allowance of four hundred thirty two and zero/100ths dollars ($432.00) per day for the IOP services.

23. Accordingly, OPM and the Federal Blue Cross Plan were well aware of the "level that [it] would have paid if [the services] had been provided on an outpatient basis."

24. Upon information and belief, the IOP services were the result of a negotiated rate between Rogers and the Federal Blue Cross Plan.

25. Despite the clear language of the Federal Blue Cross Plan and despite the known rate for IOP services, the Federal Blue Cross Plan has refused to pay the amount it would have paid had the services been provided on an outpatient basis.

26. The exclusions cited by OPM render this coverage illusory.

27. Mynsberge fully complied with the administrative remedies available to him.

28. A final administrative review letter was issued on or about November 27, 2017, and this suit is brought timely thereafter.

29. Mynsberge has been forced to retain the services of the undersigned counsel for purposes of bringing this action and is obligated to pay reasonable attorneys' fees and costs thereon.

30. This lawsuit seeks damages, or an order compelling payment by the Federal Blue Cross Plan, in the amount of twenty eight thousand five hundred twelve and zero/100ths dollars ($28,512.00), exclusive of interest and costs. Said amount is the IOP rate of services multiplied by the number of days of service.

31. This lawsuit does not seek payment of benefits that are clearly excluded by the language of the Federal Blue Cross Plan.

## CLAIM ONE:
### Declaratory Judgment

32. Mynsberge restates the allegations of paragraphs 1 through 29 above, as if set forth fully herein.

33. This is an action for declaratory judgment.

34. Mynsberge contends that OPM did not comply with the plain language of the Federal Blue Cross Plan which states:

> we will provide benefits for covered mental health and substance abuse services, other than room and board and inpatient physician care, **at the level that we would have paid if they had been provided on an outpatient basis.**

(emphasis and bold added).

35. Mynsberge is in doubt as to his rights under the plain terms and conditions of the Federal Blue Cross Plan and, due to OPM's unrelenting position, a bona fide disputed between OPM and Mynsberge exists.

36. The Court is requested to declare the rights and obligations as they exist between OPM and Mynsberge pursuant to 28 USC §§ 2201 and 2202.

**WHEREFORE**, Mynsberge demands judgment as follows:

A. The Court take jurisdiction over this matter for purposes of rendering a declaratory decree directing OPM to cause the Federal Blue Cross Plan to pay as they are obligated to under the terms and conditions of their policy;

B. That OPM reverse its prior denial under the Federal Blue Cross Plan;

C. For the costs, disbursements and attorneys' fees incurred in prosecuting this action

D. For such all further relief as this Court deems just and proper.

Dated at Oshkosh, Wisconsin this 31ST day of December, 2018.

        **DEMPSEY LAW FIRM, LLP**
        Attorneys for Plaintiff

        By: s/ Heath G. Mynsberge
            Heath G. Mynsberge

{07435641.DOCX.1}

State Bar No. 1079827

**_ADDRESS:_**
*210 North Main Street*
*P. O. Box 886*
*Oshkosh, Wisconsin 54903-0886*
*Telephone: (920) 235-7300*
*Facsimile: (920) 235-2011*
*Email: cjh@dempseylaw.com*

{07435641.DOCX.1}